IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| RUTHNELL PUTNEY,<br><br>            Plaintiff,<br><br>vs.<br><br>JO ANNE B. BARNHART,<br><br>            Defendant.<br>_____ | CV 05-00238-TUC-DCB [CRP]<br><br>REPORT AND RECOMMENDATION |

Plaintiff in this action seeks an order awarding her Social Security disability benefits. Defendant opposes the award of benefits. Plaintiff moved for summary judgment. Defendant opposed the motion by moving for a remand of the case for a third consideration by the Administrative Law Judge. Plaintiff opposes the motion to remand. After considering the memoranda of the parties, arguments made at oral argument, and after reviewing the administrative record, this Court finds no good cause for ordering remand and that an order awarding benefits is appropriate. Therefore, it is the recommendation of this Court that the District Judge, after his independent review and consideration, issue an order **DENYING** Defendant's Motion To Remand, and **GRANTING** Plaintiff's Motion For Summary Judgment,

**STATEMENT OF THE CASE**

Plaintiff applied for Social Security disability benefits on September 15, 1997, claiming she became disabled as of August 2, 1996, due to chronic fatigue syndrome and fibromyalgia. Prior to onset of disability, Plaintiff was a licensed insurance agent operating her own insurance business. The agency denied Plaintiff's claim and she appealed to the

Administrative Law Judge ("ALJ"). A hearing was held on December 2, 1999. [AR 48-72][1].  On January 13, 2000, ALJ Peter J. Baum issued his Decision denying benefits, finding Plaintiff's complaints about the severity of her symptoms to be inconsistent with the medical record. [AR 29-35]

Plaintiff appealed to the Appeals Council. The Appeals Council included treating physician Kristin Lorenz' clarification report, dated July 19, 2002, as part of the record. [AR 9]. However, on September 30, 2002, the Appeals Council declined to review the ALJ's Decision. [AR 7-8]. Plaintiff timely appealed to the District Court. [Case No. CV 02-581-TUC-JMR(JM)]. In that case, on May 15, 2003, District Judge Roll ordered the case remanded for further administrative proceedings:

> "... the ALJ will be directed to evaluate Plaintiff's chronic fatigue and fibromyalgia in accordance with Social Security Ruling 99-2p. The ALJ will also further evaluate the treating source opinions and provide an appropriate rationale for the weight given to these opinions; if the ALJ wishes to reject these opinions, he must provide specific and legitimate reasons for doing so. Finally, the ALJ will consider the lay witness evidence and provide appropriate rationale for the weight given to such evidence."

[AR 445]

A hearing on remand was conducted by Judge Baum on November 14, 2003. [AR 672-690]. All of the ALJ's initial questioning concerned part-time work Plaintiff had been doing out of her home since the last hearing. [AR 675-679]. The re-examination by the ALJ concerned entries on her tax returns after onset of disability that showed business expenses, such as supplies. [AR 687-88]. Plaintiff explained she had agreed with the person who took over her business to share in expenses in return for her receiving residual commissions. [AR 688-89]. The ALJ asked no questions related to the severity of Plaintiff's pain and other symptoms. The ALJ made no inquiries related to the issues that District Judge Roll ordered to be considered.

On January 20, 2004, Judge Baum issued his Decision. [AR 431-438]. While the

---

[1] Citations to the administrative record will be by initials AR, followed by the page number(s) in the record.

- 2 -

1  wording is not identical, the ALJ came to the same decision and the same findings in both
2  Decisions.  Plaintiff timely filed written exceptions to this Decision with the Appeals
3  Council.  On March 8, 2005, the Appeals Council determined there was no basis for
4  changing the ALJ's Decision of January 20, 2004, and declined to assume jurisdiction of
5  Plaintiff's claim.  Plaintiff timely appealed to this Court.

**DEFENDANT'S MOTION TO REMAND**

7  Defendant's Motion For Remand and In Opposition To Plaintiff's Motion For
8  Summary Judgment [hereafter "Motion For Remand"] is a confession of error by the ALJ.
9  Not one sentence is offered to justify the ALJ's Decision of January 20, 2004.  This is
10 because the ALJ at hearing and in his decision, did not respond in any way to any of the
11 issues ordered to be considered in Judge Roll's order on remand.

12 Defendant asserts that the Appeal Council has agreed to accept the remand and order
13 the ALJ to, in essence, comply with Judge Roll's order, as well as hire a vocational expert
14 and conduct an independent medical examination.  Defendant asserts that on remand, the
15 case will be assigned to another ALJ.   [Motion For Remand, p.2, l.12, p.3, l.8.] No cause is
16 shown anywhere in the motion why these things were not accomplished in either of the two
17 prior administrative proceedings.  Defendant relies on the fourth sentence of 42 U.S.C. §
18 405(g) which reads as follows:

> "The Court shall have the power to enter, upon the pleadings
> and transcript of the record, a judgment affirming, modifying, or
> reversing the decision of the Commissioner of Social Security,
> with or without remanding the cause for a rehearing."

22 Defendant asks the Court to order the voluntary remand of the case and to deny
23 Plaintiff's Motion For Summary Judgment.  However, this sentence only authorizes remand
24 in connection with an adjudication of the merits of the case. *Melkonyan v. Sullivan*, 501 U.S.
25 89, 98, 111 S.Ct. 2157, 2163 (1991).

26 Sentence six of 42 U.S.C. § 405(g) deals with remands prior to court adjudication of
27 the merits of the complaint.  Sentence six provides in pertinent part:
28 . . . . . . . .

> "The Court may...at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding..."

Defendant did not rely on sentence six in seeking remand. These parties stipulated to a sentence six remand on May 9, 2003, in Case No. CV 02-581-TUC-JMR(JM), which led to Judge Roll's order of May 15, 2003. Defendant seeks an identical remand now, except for the additional request for an IME and a vocational expert. The Commissioner could have pursued an IME and a vocational expert in either of the two prior proceedings, but chose not to. No good cause has been shown for this omission. More importantly, it is clear the ALJ completely ignored the Court's directives in the prior sentence six remand.

There is no good cause for a sentence six remand. Sentence four does not authorize remand independent of an adjudication of the merits of the case. Therefore, it is recommended that the Motion For Remand be **DENIED**.

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff moves for summary judgment, seeking an order remanding the case to the Commissioner for the award of disability benefits. Defendant has not opposed Plaintiff's Motion For Summary Judgment [hereafter "MSJ"], other than requesting remand. The failure to oppose the motion may be deemed a consent to the granting of the motion. LR CIV 7.2(I).

Social Security regulations establish a five-part process for determining whether a claimant is disabled:

1. Is the claimant performing "substantial gainful activity?"
2. Does the claimant have a severe impairment?
3. Does the impairment meet or exceed the Listing of Impairments?
4. If not, does the impairment prevent the claimant from performing her past relevant work?
5. If it does, does the impairment prevent the claimant from doing other work?

20 C.F.R. § 404.1520.

1 In both Decisions, the ALJ found Plaintiff had not participated in "substantial gainful 2 activity" since the date of the onset of disability, August 2, 1996, was severely impaired, and 3 the impairment did not meet or exceed the Listing of Impairments. [AR 437-438].  Also, in 4 both Decisions, the ALJ concluded that Plaintiff could perform light duty work and thus, the 5 impairment did not prevent her from performing her past relevant work as an insurance 6 agent. [AR 29-39, 428-438].

7 Critical to the ALJ's determination that Plaintiff could work full-time as an insurance 8 agent was his conclusion that Plaintiff's claims concerning the intensity, persistence and 9 limiting effects of her impairment were inconsistent with the medical record.  However, the 10 records cited by the ALJ [AR 436] are immaterial or support Plaintiff's position.  Exhibits 11 2F and 16F relate to Plaintiff's complaints of chest pain, which is unrelated.  Diagnostic 12 testing within normal limits for the chest pain is inconsequential to the severity of chronic 13 fatigue syndrome and fibromyalgia.  Exhibit 15F confirms the flare-ups of chronic fatigue 14 syndrome and fibromyalgia in late 1997 and 1998.  As part of Dr. Lorenz' plan, she 15 recommended "specific resting activities between the trips this summer." [AR 297].  Plaintiff 16 did improve with physical therapy after six visits and was discharged from continued 17 physical therapy on April 13, 1999.  In essence, back exercises and improved body 18 mechanics improved her quality of life.  However, nothing in this three sentence report [AR 19 403] indicates Plaintiff can return to work.  In Exhibit 27, treating physician Kristin Lorenz, 20 M.D. states, like Dr. Bode, that Plaintiff "... has improved greatly over the last two years and 21 is working part-time out of her home. Still is unable to predictably work 5 days per week and 22 needs to pace herself skillfully." [AR 405].  No medical or other evidence refutes Dr. Lorenz' 23 findings.

24 The ALJ also found Plaintiff's activities of daily living inconsistent with her reported 25 symptoms; specifically, that she "took yoga classes, gardened, performed household chores 26 and traveled." [AR 436].  The record reflects that on a February 2,1997, visit to Dr. Lorenz, 27 complaining of severe joint and nerve pain, Plaintiff reported "she began a private yoga class 28 last night with someone who is current on chronic fatigue patients." [AR 348].  Plaintiff's

1 participation in yoga was not an indication that she was more active, but that she was
2 complying with her physician's therapeutic suggestions. Plaintiff's testimony concerning
3 gardening and household chores shows that she was substantially limited and that it
4 exhausted her. [AR 62-63, 67, and 68]. Plaintiff has traveled twice to Norway to visit
5 grandchildren, and once to Florida for her father's funeral. Given the motivation for this
6 travel, it is not inconsistent with Plaintiff's complaints of pain and fatigue.

7 District Judge Roll ordered the ALJ to consider SSR 99- 2p. SSR 99-2p provides that
8 treating physician opinions as to the severity of an impairment "are entitled to deference and
9 may be entitled to controlling weight." SSR 99-2p requires lay witness testimony to be
10 considered.

11 Likewise, Judge Roll's order required the ALJ to give "an appropriate rationale for the
12 weight given" to treating physician opinions and lay testimony. The ALJ rejected Dr.
13 Lorenz' opinions based on the following rationale:

14
15 "(Dr. Lorenz') opinion is inconsistent with other evidence of record and, therefore, is given little weight (Social Security Ruling 96-2p.)."
[AR 436].
16
17 This rationale does not amount to specific and legitimate reasons for rejecting Dr. Lorenz' opinion.
18
19 The ALJ rejected the lay witness reports because they "are unsworn statements by
20 friends and colleagues." [*Id.*] SSR 99-2p specifically calls on the ALJ to consider third-party
21 information from, among others, "neighbors, friends, relatives, or clergy." The lay
22 statements were provided on Arizona Department of Economic Security forms provided by
23 the Disability Determination Service. [AR 170-187]. These lay statements clearly support
24 Plaintiff's claimed limitations. [*Id.*] The ALJ wrongly refused to consider the lay testimony.

25 Therefore, it is clear that the ALJ's decision cannot be affirmed and summary
26 judgment must be entered in favor of Plaintiff. The only issue remaining is whether the
27 remand should be for award of benefits or for obtaining additional evidence. This Court
28 recommends an order awarding benefits at this time.

1  Defendant argues that remand be ordered for development of further evidence,
2  including a medical IME and vocational expert testimony. The only case cited by Defendant
3  that involved a second remand was *Swanson v. Secretary of Health and Human Services*, 763
4  F.2d 1061, (9th Cir. 1985). In *Swanson*, the first remand was necessary the administrative
5  record was lost so there was nothing for the district judge to review. In this case, the
6  identical remand already occurred on May 15, 2003, but it is undisputed that the ALJ
7  completely ignored Judge Roll's directives on remand. Defendant argues that the Court
8  should enter the same order, but a different ALJ will be assigned, now almost three years
9  after the original remand order and nine years after the application for benefits. Ninth Circuit
10 authority does not require such a patently unfair result.

11 Key to the determination of this case is the credibility of the claimant, the treating
12 physicians and the lay witnesses concerning the severity of the symptoms. The ALJ was
13 instructed, as required by law, to provide specific reasons for rejecting this testimony. He
14 completely failed to do so in both Decisions.

15 When, as in this case, the ALJ fails to provide legally sufficient reasons for rejecting
16 claimant or treating physician testimony, that evidence must be accepted as true. *Benecke*
17 *v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004). Accepting that evidence as true, it is clear
18 there are no outstanding issues to be resolved and benefits must be awarded. *Benecke*, 379
19 F.3d at 593.

20 The Commissioner, in determining residual functional capacity, is to determine the
21 capacity "for work activity on a regular and continuous basis." 20 CFR § 404.1545(b) and
22 (c). The testimony of Plaintiff, Dr. Lorenz, and the lay witnesses is uncontroverted and
23 shows Plaintiff cannot work on a regular and continuous basis.

24 Here, the unrefuted testimony of the claimant, confirmed by two lay witnesses and her
25 treating physician, is that she cannot participate in regular and continuous employment of any
26 kind. Even assuming claimant could perform sedentary work[2] on a regular and continuous

27
28     [2]The Court is aware the ALJ determined Plaintiff could perform a full-range of light duty work on a regular and continuous basis, but that finding was not supported by substantial evidence.

- 7 -

1  basis, applying the "Grid," the claimant would be determined disabled. 20 CFR 404, Subpart
2  P, App. 2, Table No. 1, § 201.14.
3       Nor would a vocational expert assist the trier of fact in this case.  If the vocational
4  expert accepted the fact that the claimant physically could not regularly and continuously
5  appear for work, obviously no jobs are available with that restriction.  *Benecke*, 379 F.3d
6  594-95; *Varney v. Secretary of Health and Human Services*, 859 F.2d 1396, 1399-1400 (9th
7  Cir. 1987).
8       Plaintiff has also established that the date of onset of disability is August 2, 1996.
9  Since August 1996, claimant's condition has improved, but she remains disabled.  She has
10 not been gainfully employed since that date.  Claimant has a long history of fibromyalgia and
11 chronic fatigue syndrome that predated the August 1996 onset by a decade. [AR 270].

12      "In determining the date of onset of disability, the date alleged by the individual should be used if it is consistent with all the
13      evidence available." Social Security Ruling 83.20

14 Here claimant's alleged date of onset is consistent with her medical and work history.
15      In considering the type of remand in *Varney*, the Court was concerned that it had been
16 over five years since the initial application for benefits.  In this case, it has been almost nine
17 years since Plaintiff first applied for benefits.  No decision cited by the parties involved a
18 case with a prior remand that was ignored by the ALJ.  This case is more unfair than the
19 "heads we win; tails let's play again" scenario complained of in *Benecke*, 379 F.3d at 595.
20 Here the Commissioner concedes it should not win, but asks to play again and again.  The
21 facts of this case mandate an order remanding the case and directing the Commissioner to
22 award benefits, with August 2, 1996, as the date of onset of disability.
23 . . . . . . . .
24 . . . . . . . .
25 . . . . . . . .
26 . . . . . . . .
27 . . . . . . . .
28 . . . . . . . .

- 8 -

1  **CONCLUSION**

2  This Court recommends that the District Judge, after his independent review of the
3  record, enter an order:

4  1.  **DENYING** Defendant's Motion For Voluntary Remand.  [Dkt 10]

5  2.  **GRANTING** Plaintiff's Motion For Summary Judgment.   [Dkt 5]

6  3.  **REMANDING** the case to the Commissioner for the entry of an award of benefits with
7      August 2, 1996, as the date of onset of disability.

8  Pursuant to 28 U.S.C. § 636(b), the parties have ten (10) days from the date of this
9  Report and Recommendation to file written objections to these findings and
10 recommendations with the District Court.  If objections are not timely filed, the party's right
11 to de novo review may be waived.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121
12 (9th Cir.2003) (en banc), *cert. denied*, 540 U.S. 900 (2003).  Any objections filed should be
13 filed as CV 05-00238-TUC-DCB.

14 DATED this 27th day of February, 2006.

*[signature]*

**CHARLES R. PYLE**
**UNITED STATES MAGISTRATE JUDGE**