# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Ruthnell Putney, | ) |
| Plaintiff, | ) ) |
| v. | ) CV 05-238 TUC DCB ) |
| Jo Anne B. Barnhart, | ) **O R D E R** ) |
| Defendant, | ) ) |
| _____ | ) |

This Court finds that the Magistrate Judge's Report and Recommendation properly sets out and applies the relevant law for determining the pending motions. The Report and Recommendation is adopted as the Opinion of the Court. The Motion for Summary Judgment is granted. The Motion for Remand for further administrative hearing is denied. The matter is remanded to the Commissioner for an award of benefits.

**PROCEDURAL HISTORY**

On April 1, 2005, Plaintiff filed her Complaint, and this case was referred to Magistrate Judge Charles R. Pyle for all pretrial proceedings and Report and Recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) and LR Civ. 72.1(a), Rules of Practice of the United States District Court for the District of Arizona (Local Rules).

The Plaintiff filed a Motion for Summary Judgment (document 5); Defendant filed an Opposition and Motion to Remand (document 10). Magistrate Judge Pyle heard evidence and argument on November 7, 2005. He filed his Report and Recommendation on February 28, 2006, recommending that the Motion for Summary Judgment filed by Plaintiff, Ruthnell Putney, should be granted and the Motion for Remand by Defendant, Commissioner Barnhart, should be denied. Pursuant to 28 U.S.C. § 636(b), the Defendant filed objections to the Report

and Recommendation. The Plaintiff filed a Response to the objections. The matters are fully briefed.

This Court's ruling is a *de novo* determination as to those portions of the Report and Recommendation to which there are objections. 28 U.S.C. § 636(b)(1)(C). To the extent that no objection has been made, arguments to the contrary have been waived. *McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); *see also*, Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation).

**STATEMENT OF THE CASE**

Plaintiff applied for Social Security disability benefits on September 15, 1997, due to chronic fatigue syndrome and fibromyalgia. She alleges an onset date for her disability of August 2, 1996. Prior to becoming disabled, she operated her own business as a licensed insurance agent. Defendant denied her claim of disability based on Administrative Law Judge (ALJ), Peter Baum's determination that she was severely impaired, but that she could perform light duty work so her impairment did not prevent her from performing her past relevant work as an insurance agent. Plaintiff appealed the denial.

On May 15, 2003, the Honorable John M. Roll, United States District Court Judge, remanded the denial of benefits for further administrative proceedings. He directed the ALJ to evaluate Plaintiff's chronic fatigue and fibromyalgia in accordance with treating source opinions and provide an appropriate rationale for the weight given to these opinions. Judge Roll explained that if the ALJ rejected these opinions, he must provide specific and legitimate reasons for the rejections. He also directed the ALJ to consider the lay witness evidence and provide appropriate rationale for the weight given to such evidence.

As the Magistrate Judge notes, on remand the ALJ conducted another hearing, but failed to ask questions directed at correcting the record. The ALJ issued his Decision on January 20, 2004. He came to the same decision in much the same way as he had before. In other words,

he reissued his Decision without correcting the deficiencies as described by Judge Roll. Plaintiff filed an appeal with the Appeals Council noting the errors, but the Appeals Council determined that there was no basis for appeal and declined jurisdiction on March 8, 2005.

Plaintiff filed her social security case with this Court on April 1, 2005. Defendant concedes that the ALJ failed to follow Judge Roll's directive to consider the testimony of the Plaintiff, her treating physicians, and her lay witnesses, unless he could give specific and legitimate reasons for rejecting them. The only contention by the Commissioner is that instead of remanding for an award of benefits, as recommended by Magistrate Judge Pyle, this Court should remand for further proceedings because "[r]emand is particularly important when full and fair development of the facts is necessary." (Defendant's Objection at 2-3 (citing *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983)). While true, nine years and two hearings later, this Court is persuaded that the Commissioner has had every opportunity to fully develop the facts in this case. As so developed, the only fair thing to do now is to award benefits to the Plaintiff.

**DEFENDANT'S OBJECTIONS**

Defendant asks this Court to remand the case to the Commissioner for further administrative hearings to allow for the full development of the record to enable her to make a fair and accurate determination of disability.

This Court finds that the record in this case fully supports the Magistrate Judge's conclusion that there is no good cause for ordering remand for further hearings and that an award of benefits is appropriate. A Court may order additional evidence to be taken by the Commissioner but only upon a showing that there is new evidence which is material and there is good cause for the failure to incorporate such evidence in the record in a prior proceeding. (Report and Recommendation at 4 (citing 42 U.S.C. § 405(g)). Defendant suggests that on remand it would assist the ALJ to hire a vocational expert and conduct an independent medical examination of the Plaintiff. *Id.*; (D's Objection at 3 n. 2.) Defendant does not, however, submit that there is good cause for the Commissioner's failure to secure this evidence at either

1 of the two hearings or why the Appeal Council failed after both Decisions to address these
2 evidentiary deficiencies.

3 As when Judge Roll reviewed the Commissioner's first Decision, the key to the
4 determination of this case is "the credibility of the claimant, the treating physicians and the lay
5 witnesses concerning the severity of the symptoms." (Report and Recommendation at 7.) As
6 Judge Pyle so accurately noted:

> . . . The ALJ was instructed, as required by law, to provide specific reasons for rejecting this testimony. He completely failed to do so in both Decisions.
>
> When, as in this case, the ALJ fails to provide legally sufficient reasons for rejecting claimant or treating physician testimony, that evidence must be accepted as true. *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004). Accepting that evidence as true, it is clear there are no outstanding issues to be resolved and benefits must be awarded. *Benecke*, 379 F.3d at 593.

*Id.*

"The Commissioner, in determining residual functional capacity, is to determine the capacity "for work activity on a regular and continuous basis." 20 CFR § 404.1545(b) and (c). The testimony of Plaintiff, Dr. Lorenz, and the lay witnesses is uncontroverted and shows Plaintiff cannot work on a regular and continuous basis." *Id.*

"Here, the unrefuted testimony of the claimant, confirmed by two lay witnesses and her treating physician, is that she cannot participate in regular and continuous employment of any kind. Even assuming claimant could perform sedentary work on a regular and continuous basis, applying the "Grid," the claimant would be determined disabled. 20 CFR 404, Subpart P, App. 2, Table No. 1, § 201.14." *Id. see also*: (Plaintiff's Response at 3 (discussing Plaintiff's ability to perform part-time work)).

Claimant has a long history of fibromyalgia and chronic fatigue syndrome that predated her asserted onset date of August 2, 1996, by a decade. "In determining the date of onset of disability, the date alleged by the individual should be used if it is consistent with all the evidence available." *Id.* at 8 (citing Social Security Ruling 83.20). Here, claimant's alleged date of onset is consistent with her medical and work history.

**CONCLUSION**

This Court could reiterate the inequities of giving the Commissioner one more chance to give specific and legitimate reasons for rejecting the evidence Plaintiff presented to support her claim, but the Magistrate Judge has expertly articulated the unfairness of allowing the Commissioner to operate with an attitude of "heads we win; tails let's play again." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004). Given that a principal goal of the Social Security Disability adjudication process "must be the speedy resolution of the disability applicant's claims," *Varney v. Secretary of Health and Human Services,* 895 F.2d 1396, 1399 (9th Cir. 1988), this Court orders this case remanded for an award of benefits.

After *de novo* review of the issues raised in Defendant's objections, this Court agrees with the findings of fact and conclusions of law made by the Magistrate Judge in his Report and Recommendation for determining the pending motions.

**Accordingly,**

**IT IS ORDERED** that the Report and Recommendation is adopted as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Summary Judgment (document 5) is GRANTED, and this case is remanded to the Commissioner for an award of benefits.

**IT IS FURTHER ORDERED** that Defendant's Motion for Voluntary Remand to further develop the administrative record (document 10) is DENIED.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment accordingly.

DATED this 26th day of April, 2006.

David C. Bury
United States District Judge